**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:14-CR-261-ADA-1** |
| | § | |
| **JAMES PAUL WISE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The defendant was convicted of Possession of Visual Depictions of Sexual Activities by Minors, in violation of Title 18 U.S.C. §§§ 82252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A), on April 1, 2015, in the Western District of Texas – Waco Division, per the Honorable Walter S. Smith, Jr.  He was sentenced to ninety-seven (97) months imprisonment, followed by five (5) years of supervised release, and all special sex offender conditions.  His case was reassigned to the Honorable Alan D. Albright on May 23, 2022.  Mr. Wise began his term of supervised release on October 8, 2021, in the Waco Division.

On October 16, 2025, the United States Probation Office filed an Amended Petition for

Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms

of his supervision in the following ways:

**Violation Number 1:** The defendant violated his special condition, in that on or about March 25, April 18, and August 27, 2022, June 20, 2023, September 4, December 10, and 24, 2024, and May 21 and October 14, 2025, he failed to attend and abide by all program rules, requirements, and conditions of the sex offender treatment program.

**Violation Number 2:** The defendant violated his special condition, in that on or about August 6, 2024, he failed to follow all lifestyle restrictions or treatment requirements imposed by the sex offender treatment therapist as they pertain to avoiding risk situations.

**Violation Number 3:** The defendant violated his special condition, in that on or about March 8, 2022, and October 14, 2025, he associated with two children under the age of 18 without the presence and supervision of an adult specifically approved by the probation officer.

**Violation Number 4:** The defendant violated his special condition, in that on or about June 20, 2023, he possessed sexually stimulating material.

**Violation Number 5:** The defendant violated his special condition, in that on or about January 23, June 3, August 5 and 6, 2024, he used an electronic device without prior approval from the probation officer.

**Violation Number 6:** The defendant violated mandatory condition number 9, in that on or about October 15, 2025, he failed to pay his fine as ordered.

**Violation Number 7:** The defendant violated standard condition number 2, in that on or about the months of February, March, and December 2022, and April 2023, he failed to submit a monthly supervision report as required.

**Violation Number 8:** The defendant violated standard condition number 3, in that on or about October 15, 2025, the defendant failed to follow the instructions of the probation officer.

**Violation Number 9:** The defendant violated standard condition number 9, in that on or about March 1, 2025, he associated with a person convicted of a felony without permission from the probation officer.

On November 25, 2025, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, 8, and 9. The petition contained a sufficient factual basis to support a plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, 8, and 9.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.    The defendant violated the conditions of his supervision as alleged in the petition.

2.    The defendant was competent to make the decision to enter a plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, 8, and 9.

3.    The defendant had both a factual and rational understanding of the proceedings against him.

4.    The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    The defendant was sane and mentally competent to stand trial for these proceedings.

7.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.    The defendant understood the petition and the charges alleged against him.

10.    The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    The defendant freely, intelligently, and voluntarily entered his plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, 8, and 9.

14.    The defendant understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, 8, and 9.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised released be revoked, and that he be incarcerated for eight (8) months with credit for time in custody and with no new term of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 26th day of November, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE